# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DEAN CHASE | § | |
| | § | |
| V. | § | 1: 20-cv-0175-RP |
| | § | |
| RYAN HODGE, et al. | § | |

## ORDER

Before the Court is Plaintiff Dean Chase's Motion for Leave to Conduct Discovery (Dkt. No. 21), and Defendant Ryan E. Hodge's Response (Dkt. No. 22). The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

On March 3, 2020, Ryan Hodge filed a Motion to Dismiss asserting this Court lacks jurisdiction over him. Dkt. No. 8. Dean Chase now moves the Court for leave to depose Ryan and Stephanie Hodge "for the limited purpose of gathering information to address the issue raised by Ryan Hodge as to whether this Court has jurisdiction over him." Dkt. No. 21 at 2. Hodge objects to the motion, asserting he is a Kansas resident, and has limited contacts with Texas. Additionally, he argues that Hodge's Motion to Dismiss has been on file for two months, yet Chase is only now seeking leave to conduct jurisdictional discovery, which Hodge characterizes as the "eleventh hour." Dkt. No. 22 at 2. Alternatively, Hodge argues that if jurisdictional discovery is to take place, it should be mutual and narrowly limited to jurisdictional issues. Hodge requests that he be allowed to cross-examine Chase regarding his jurisdictional allegations and declaration, and that certain limits be placed on the scope of the deposition.

In light of the COVID-19 situation affecting every facet of life, the Court finds Hodge's "eleventh hour" argument unpersuasive. Additionally, the Court finds no harm in granting Chase

the limited discovery he requests, especially in light of Hodge's proposed compromise. Accordingly, Chase's Motion for Leave to Conduct Discovery (Dkt. No. 21) is **GRANTED IN PART**. The parties may conduct the depositions of Chase and Ryan Hodge, subject to the following perameters:

- Ryan Hodge and Dean Chase must each give a deposition in Austin, Texas[1] for the purpose of jurisdictional discovery. Each of these depositions is limited to four hours. Permissible areas of inquiry are limited to the jurisdictional allegations in the parties' filings and any supporting declarations or exhibits.

- Each party may serve no more than 10 requests for production, 10 interrogatories, and 10 requests for admission during jurisdictional discovery. The permissible scope of written discovery shall be the jurisdictional allegations in the parties' filings and any supporting declarations or exhibits.

- All jurisdictional discovery must be completed within 45 days from the date of this order.

As to Chase's request to depose Hodge's wife Stephanie, the Court **DENIES** the motion, as she is a non-party and her testimony would merely duplicate her husband's. Lastly, the Court **ORDERS** this case **REMOVED** from its docket and **RETURNED** to the docket of the Honorable Robert Pitman.

SIGNED this 11th day of May, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] In consideration of COVID-19, the parties and their counsel are not limited to an in-person deposition, and may by agreement conduct their depositions via an agreed upon digital platform.