IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEAN CHASE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | Civil No. 1:20-CV-175-RP |
| RYAN E. HODGE; HELPING HANDS | § | |
| CAPITAL, LLC; and STEPHANIE | § | |
| HODGE, | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANT RYAN HODGE'S DESIGNATION OF EXPERT WITNESSES

Subject to and without waiver of his objections to this Court's exercise of personal jurisdiction over him, defendant Ryan Hodge files this designation of expert witnesses, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's June 23, 2020 amended scheduling order.  Ryan Hodge designates the following witnesses to provide testimony at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence:

### Rule 26(a)(2)(B) witnesses

1.  **Lawrence Statsky**, Partner, Raich Ende Malter & Co., LLP, 1375 Broadway, 15th Floor, New York, New York 10018, Tel. (212) 944-4433; and/or **Candice E. Cleaver**, Partner, Raich Ende Malter & Co., LLP, 175 Broadhollow Road, Suite 250, Melville, New York 11747, Tel. (516) 228-9000; and/or **Arthur DaPonte**, Manager, Raich Ende Malter & Co., LLP, 100 Campus Drive, Suite 106, Florham Park, New Jersey 07932, Tel. (973) 267-4200

Mr. Statsky, Ms. Cleaver, and Mr. DaPonte are certified public accountants with the firm Raich Ende Malter & Co., LLP.  They each have significant knowledge, skill, experience, training,

and education regarding financial auditing and forensic accounting, as summarized in their *curriculum vitae*, which are enclosed with this designation as Exhibits 1–3.

Ryan Hodge has engaged Raich Ende Malter & Co., LLP (REM) to perform an audit in accordance with accounting principles general accepted in the United States of America for the year ended December 31, 2019. The audit will be conducted in accordance with auditing standards generally accepted in the United States of America. Mr. Statsky, Ms. Cleaver, and Mr. DaPonte, through their audit procedures, will examine and provide information about Helping Hands Capital, LLC's funding, operations, and transactions. Additional reporting, as an outgrowth of REM's audit procedures, but separate and apart from the audited financial statements, requested by counsel, will discuss and explain Helping Hands Capital, LLC's funding sources and structure; the mechanics of how funds are received and used in the course of Helping Hands Capital, LLC's business; and specific transactions in which funding has been received and funds have been spent. In sum, Mr. Statsky, Ms. Cleaver, and Mr. DaPonte will explain how Helping Hands Capital, LLC received, used, and distributed money. They will further discuss the accuracy of the books based on generally accepted accounting principles and audit methodologies, as well as the reasonableness of the expenses.

Mr. Statsky, Ms. Cleaver, and Mr. DaPonte have not yet developed any opinions in this lawsuit. Merits discovery has not commenced, as agreed by the parties.[1] Upon review of the products of discovery, including responses to discovery requests, documents, and oral depositions, Mr. Statsky, Ms. Cleaver, and/or Mr. DaPonte will produce a written report as described in Rule 26(a)(2).

---

[1] *See* Joint report of Rule 26(f) conference and discovery plan (Doc. 25), at 2 ("Defendants Ryan Hodge and Helping Hands Capital, LLC's position is that discovery should be phased between jurisdictional discovery and merits-based discovery until Mr. Hodge and Helping Hands' respective Rule 12(b) motions are decided . . . Plaintiff does not object to Defendants' position.").

2.      **R. Bruce Wallace Jr.**, R. Bruce Wallace, Jr. PLLC, 520 Post Oak Boulevard, Suite 540, Houston, Texas 77027, Tel. (713) 497-5509

Mr. Wallace is a licensed attorney who has more than 35 years of experience as a trust officer and private banker, where he managed litigation, complex transactions, and large fiduciary relationships for both institutions and high-net-worth individuals. He has previously served as an expert witness in complex litigation involving fiduciary administration, management of trusts, estates, partnerships, family offices, and the exercise of discretion by fiduciaries in the usual and customary course of conduct. Mr. Wallace's *curriculum vitae*, which summarizes his background and relevant experience, is enclosed as Exhibit 4.

Mr. Wallace will provide testimony with regard to the duties and responsibilities of Helping Hands Capital, LLC and/or Ryan Hodge with respect to any obligations to meet the standards of all relevant and applicable fiduciary duties. This will include discussions of Ryan Hodge's alleged status as an attorney to Dean Chase and/or Mark Guedri; and Ryan Hodge's relationship with Helping Hands Capital, LLC and with Dean Chase individually.

Mr. Wallace has not yet developed any opinions in this lawsuit. Merits discovery has not commenced, as agreed by the parties.[2] Upon review of the products of discovery, including responses to discovery requests, documents, and oral depositions, Mr. Wallace will produce a written report as described in Rule 26(a)(2).

3.      **Lillian B. Hardwick**, 4013 Dominion Cove, Austin, Texas 78759, Tel. (512) 372-3600

Ms. Hardwick is a licensed attorney with significant knowledge, skill, experience, training,

---

[2] *See* Joint report of Rule 26(f) conference and discovery plan (Doc. 25), at 2 ("Defendants Ryan Hodge and Helping Hands Capital, LLC's position is that discovery should be phased between jurisdictional discovery and merits-based discovery until Mr. Hodge and Helping Hands' respective Rule 12(b) motions are decided . . . Plaintiff does not object to Defendants' position.").

and education regarding the Texas Disciplinary Rules of Professional Conduct, fiduciary duties (particularly in the context of attorney-client relationships), and professional legal duties, as summarized in her *curriculum vitae*, which is enclosed with this designation as Exhibit 5.

Ms. Hardwick will provide testimony regarding Ryan Hodge's (and his firm's) alleged attorney-client relationship with Dean Chase and/or Mark Guedri and Ryan Hodge's (and his firm's) relationship with Helping Hands Capital, LLC.  She will also provide testimony related to attorney-client fiduciary duties, standards, and obligations.

Ms. Hardwick has not yet developed any opinions in this lawsuit.  Merits discovery has not commenced, as agreed by the parties.[3]  Upon review of the products of discovery, including responses to discovery requests, documents, and oral depositions, Ms. Hardwick will produce a written report as described in Rule 26(a)(2).

4.     **Michael B. McDonald IV**, Ph.D, associate professor of finance, Fairfield University, Dolan School of Business, Tel. (203) 254-4000

Dr. McDonald has significant knowledge, skill, experience, training, and education regarding the assessment and valuation of business entities, in particular, business entities involved in litigation funding.  Dr. McDonald holds a Ph.D. in finance, which required multiple advanced statistical courses and the authoring of a thesis using advanced statistical techniques to assess valuation of streams of cash flows in financial markets.  He also hold a Master's Degree in Economics and a Bachelor's Degree in Industrial Engineering, both of which required extensive mathematical and statistical training.

Dr. McDonald uses these financial valuation tools and techniques in his role as a professor

---

[3] *See* Joint report of Rule 26(f) conference and discovery plan (Doc. 25), at 2 ("Defendants Ryan Hodge and Helping Hands Capital, LLC's position is that discovery should be phased between jurisdictional discovery and merits-based discovery until Mr. Hodge and Helping Hands' respective Rule 12(b) motions are decided . . . Plaintiff does not object to Defendants' position.").

of finance at Fairfield University. He has also used these statistical approaches in situations similar to the current case involving modeling and valuation related to litigation finance for a variety of institutional investors in the past, and in his role as a consultant to groups such as the United States Securities and Exchange Commission, for which he has done hundreds of hours of work in this area. Dr. McDonald's qualifications are summarized in his *curriculum vitae*, which is enclosed with this designation as Exhibit 6.

Dr. McDonald will provide testimony regarding the value of Helping Hands Capital, LLC and its assets, including assessments of the company's investments in its assets, its estimated rates of return, and the risk associated with those investments.

Dr. McDonald has not yet developed any opinions in this lawsuit. Merits discovery has not commenced, as agreed by the parties.[4] Upon review of the products of discovery, including responses to discovery requests, documents, and oral depositions, Dr. McDonald will produce a written report as described in Rule 26(a)(2).

### Ruler 26(a)(2)(C) witnesses

1.      **Ryan Hodge**, Ray Hodge & Associates, LLC. Mr. Hodge is a represented party in this lawsuit, and may be contacted through his counsel, Randy Howry, Howry Breen & Herman, LLP, 1900 Pearl Street, Austin, Texas 78705, Tel. (512) 474-7300

Ryan Hodge has significant knowledge, skill, experience, training, and education regarding (i) the services provided by legal services professionals to business entities involved in litigation funding, including the reasonableness and necessity of fees charged for those services; and (ii) the assessment and valuation of business entities involved in litigation funding.

---

[4] *See* Joint report of Rule 26(f) conference and discovery plan (Doc. 25), at 2 ("Defendants Ryan Hodge and Helping Hands Capital, LLC's position is that discovery should be phased between jurisdictional discovery and merits-based discovery until Mr. Hodge and Helping Hands' respective Rule 12(b) motions are decided . . . Plaintiff does not object to Defendants' position.").

Capital, LLC, including the services provided and the fees charged. He will also provide testimony on the reasonableness and necessity of those services and the fees charged for performing those services. Ryan Hodge will also provide testimony regarding Helping Hands Capital, LLC and its assets, including assessments of the company's investments in its assets, its estimated rates of return, and the risk associated with those investments.

Ryan Hodge has not yet developed any opinions in this lawsuit. Merits discovery has not commenced, as agreed by the parties.[5] Ryan Hodge is not required by Rule 26(a)(2) to serve a written report.

2. **Randy Howry** and **James Hatchitt**, HOWRY, BREEN & HERMAN, L.L.P., 1900 Pearl Street, Austin, Texas 78705 Tel. (512) 474-7300

Mr. Howry and Mr. Hatchitt are licensed attorneys. Mr. Howry and Mr. Hatchitt have significant knowledge, skill, experience, training, and education regarding the provision of legal services in Central Texas, and the cost of those legal services. Their résumés are available for inspection at http://www.howrybreen.com.

Mr. Howry and Mr. Hatchitt represent Ryan Hodge in this lawsuit, and they are familiar with the type and amount of legal services this lawsuit has required. They will provide testimony regarding any claim for attorney's fees (reasonableness and/or necessity) that any party makes in this lawsuit. No party has yet produced any information pertaining to attorney's fees or claims for Mr. Howry or Mr. Hatchitt to review. Ryan Hodge will promptly supplement these designations to provide Mr. Howry's and/or Mr. Hatchitt's opinions once any such evidence has been produced by the parties.

---

[5] *See* Joint report of Rule 26(f) conference and discovery plan (Doc. 25), at 2 ("Defendants Ryan Hodge and Helping Hands Capital, LLC's position is that discovery should be phased between jurisdictional discovery and merits-based discovery until Mr. Hodge and Helping Hands' respective Rule 12(b) motions are decided . . . Plaintiff does not object to Defendants' position.").

**Cross-designation of witnesses and Rebuttal witnesses**

Further, Ryan Hodge hereby cross-designates any experts who have been identified by any other party in this litigation (whether present at the time of trial or not). Ryan Hodge does not admit or deny that it is in agreement with some or all of the opinions held by any witnesses so designated, but does reserve the right to call and/or cross-examine those witnesses on all issues related to liability, causation, and damages. Nothing herein, however, shall be construed as a waiver of Ryan Hodge's right to object to any designated expert witnesses' testimony on any grounds pursuant to applicable law, including, but not limited to, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Ryan Hodge reserves the right to call any expert identified in written discovery responses of the parties or documents produced by the parties; any expert identified in documents or written responses acquired through the use of a subpoena or affidavit; any expert identified, by oral testimony or exhibit, pursuant to a deposition in this action; and any expert deposed in this action.

Ryan Hodge further reserves the right to call undesignated rebuttal expert witnesses whose testimony cannot reasonably be foreseen until the presentation of the evidence against Ryan Hodge.

Ryan Hodge further reserves the right to withdraw the designation of any expert and to aver positively any such previously designated expert witness will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be recalled by opposing counsel.

Ryan Hodge further reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial that would be truthful, would be of benefit to the jury to determine material issues of fact, and would not violate any existing court order or the Federal Rules of Civil Procedure. To the extent that any witness identified as a witness with knowledge of relevant facts

by any party to this action is qualified by education, training, or experience to give any expert opinion, Ryan Hodge reserves the right to elicit expert opinions and testimony from any such witness.

Ryan Hodge further reserves the right to supplement this designation with additional designations of experts within any time limits imposed by this Court or any alterations of same by subsequent court order, agreement of the parties, or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

Dated: January 13, 2021                                    Respectfully submitted,

                                                           HOWRY BREEN & HERMAN, L.L.P.

                                                           /s/ James Hatchitt
                                                           Randy R. Howry
                                                           State Bar No. 10121690
                                                           rhowry@howrybreen.com
                                                           James C. Hatchitt
                                                           State Bar No. 24072478
                                                           jhatchitt@howrybreen.com
                                                           Ryan D. Ellis
                                                           State Bar No. 24087470
                                                           rellis@howrybreen.com
                                                           1900 Pearl Street
                                                           Austin, Texas 78705-5408
                                                           Tel. (512) 474-7300
                                                           Fax (512) 474-8557

                                                           *Attorneys for Defendant Ryan E. Hodge*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on January 13, 2021, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

| | |
|---|---|
| C. Thomas Schmidt<br>firm@schmidtfirm.com<br>SCHMIDT LAW FIRM, PLLC<br>7880 San Felipe Street, Suite 210<br>Houston, Texas 77063<br>Tel. (713) 568-4898 | ✓ Electronic service<br>☐ In person<br>☐ Registered mail, return receipt requested<br>☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

Brett Turnbull
bturnbull@turnbullfirm.com
TURNBULL LAW FIRM, P.C.
2 20th Street North, #1600
Birmingham, Alabama 35203
Tel. (205) 831-5040
Fax (205) 848-6300

Michelle M. Cheng
mcheng@nationaltriallaw.com
WHITEHURST, HARKNESS, BREES, CHENG,
ALSAFFAR, HIGGINBOTHAM, & JACOB PLLC
7500 Rialto Boulevard
Building Two, Suite 250
Austin, Texas 78735
Tel. (512) 476-4346
Fax (512) 476-4400

*Attorneys for Plaintiff Dean Chase*

| | |
|---|---|
| Charlie Cooper<br>charlie@ckcooplaw.com<br>CHARLES K. COOPER, PLLC<br>2630 Exposition Blvd., Suite 102<br>Austin, Texas 78703<br>Tel. (512) 605-2300<br>Fax (512) 222-5280 | ✓ Electronic service<br>☐ In person<br>☐ Registered mail, return receipt requested<br>☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

James A. Walker *(pro hac vice)*
jawalker@twgfirm.com
Kacey S. Mayes *(pro hac vice)*
ksmayes@twgfirm.com
TRIPLETT WOOLF GARRETSON, LLC

2959 N. Rock Rd., Suite 300
Wichita, Kansas 67226
Tel. (316) 630-8100

*Attorneys for Defendant Stephanie Hodge*

_____
James Hatchitt