IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEAN CHASE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-175-RP |
| | § | |
| RYAN E. HODGE and STEPHANIE HODGE, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Andrew W. Austin concerning Defendant Helping Hands Capital, LLC's ("Helping Hands") Rule 12(b)(6) Motion to Dismiss, (Dkt. 56) and Defendant Ryan E. Hodge's Rule 12(b) Motion to Dismiss, (Dkt. 60). (R. & R., Dkt. 72). Helping Hands and Ryan Hodge timely filed objections to the report and recommendation. (Objs., Dkt. 74).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Helping Hands and Ryan Hodge timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation de novo. Having done so, the Court overrules Helping Hands and Ryan Hodge's objections and adopts the report and recommendation as its own order.

Additionally, the Court notes that the report and recommendation urged the *sua sponte* dismissal of the only claim against Stephanie Hodge, who did not file a motion to dismiss, because Plaintiff Dean Chase ("Chase") did not allege facts sufficient to support an inference that . . . Stephanie Hodge participated in any breach of fiduciary duty." (R. & R., Dkt. 72, at 25, 25 n.5). The

Fifth Circuit has recognized the "inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim" so long as a plaintiff has "notice of the court's intention [to dismiss sua sponte] and an opportunity to respond." *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008); *Bell v. Valdez*, 207 F.3d 657, at *2, n.2 (5th Cir. 2000). The Fifth Circuit has further recognized that "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Id.*

In addition to their objections, Helping Hands and Ryan Hodge agreed that the Court should dismiss the single claim against Stephanie Hodge. (Objs., Dkt. 74, at 20). Chase opposed this suggestion in his response, stating that "discovery will reveal that Stephanie Hodge has received the benefit of Defendant's bad acts." (Resp., Dkt. 75, at 8). Chase was informed by the report and recommendation of the possibility of *sua sponte* dismissal of the claim against Stephanie Hodge and had the opportunity to respond during the objections period, and indeed did brief the issue in his response to the filed objections. (*See id.*). However, Chase still has not plausibly pleaded any facts supporting a claim against Stephanie Hodge. (*See id.*; R. & R., Dkt. 72, at 25 n.5). As such, the Court will dismiss all claims against Stephanie Hodge.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Andrew W. Austin, (Dkt. 72), is **ADOPTED**.

**IT IS ORDERED** that Helping Hands' Rule 12(b)(6) Motion to Dismiss, (Dkt. 56), is **GRANTED**. Except for the claims seeking a declaratory judgment and the appointment of a receiver, all claims against Helping Hands are **DISMISSED**.

**IT IS FURTHER ORDERED** that Ryan Hodge's Rule 12(b) Motion to Dismiss, (Dkt. 60), is **GRANTED IN PART and DENIED IN PART**. The motion is **DENIED** as to Rule 12(b)(2) and **GRANTED** as to Rule 12(b)(6). All of the claims against Ryan Hodge are

**DISMISSED** except for (1) the claim for breach of fiduciary duty arising out of an alleged attorney-client relationship during the formation of Helping Hands; (2) the breach of contract claim; (3) the request for a declaratory judgment; and (4) the request for the appointment of a receiver.

**IT IS FURTHER ORDERED** that all claims against Stephanie Hodge are **DISMISSED**. Stephanie Hodge is **TERMINATED** as a party in this case.

**IT IS FINALLY ORDERED** that Ryan Hodge's motion for a hearing, (Dkt. 68), is **DENIED**.

**SIGNED** on June 23, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE