UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEAN CHASE,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §  No. 1:20-CV-00175-RP |
| | § |
| RYAN E. HODGE, HELPING HANDS CAPITAL, LLC, A TEXAS LIMITED LIABILITY COMPANY;<br>*Defendants* | §<br>§<br>§<br>§ |

# ORDER

Before the Court is Plaintiff Dean Chase's Motion to Compel Production Against Defendant Ryan E. Hodge, Dkt. 92; Plaintiff's Amended Motion to Compel Against Defendants Ryan E. Hodge and Helping Hands Capital, LLC, Dkt. 107; and Plaintiff's Motion for Extension of Time to Take Deposition and to File an Expert Report, Dkt. 101; along with all related briefing and exhibits. The District Court referred these motions to the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned set the motions for a hearing, which took place on August 25, 2022. *See* Dkt. 112. For the reasons stated on the record in that hearing, along with those set out below, the Court rules as follows.

## I.  DISCUSSION

### A.  Chase's Motion to Compel and Amended Motion to Compel

The bulk of the parties' dispute over Chase's discovery requests revolve around two categories of interrogatories and document requests. The first is Chase's attempt to obtain interrogatory responses and document production regarding the entities, in addition to Defendant Helping Hands, which Defendant Hodge "control[s]/manage[s] or in which [he has] an interest, including but not limited to, Chase I Trust, Chase II Trust, Fidelity Finance, Fund Five Partners, Velocity Fund Five Partners, Velocity Medical Receivables, and HMR Holdings." *See, e.g.*, Dkt. 92-1, at 34 (Hodge Rog 3). Unless stated otherwise, the Court will refer to any combination of these non-Helping Hands, Hodge-affiliated entities as the "related entities." The next main disputed category of request is Chase's RFPs seeking "[a]ny and all statements, correspondence, invoices, payments, documents, and electronically stored information" substantiating the transactions that appear in the statements and ledgers already or soon-to-be produced by Defendants, referred to here as the "backup materials." *See, e.g.*, Dkt. 92-1, at 57 (Hodge RFP 14). The Court addresses each of these in turn, along with the sundry other disputes identified in Chase's motion and amended motion.[1]

---

[1] As stated on the record at the hearing, the Court declines to reject Plaintiff's amended motion as untimely or as beyond the scope set by the original motion to compel. The Court will rule on each of Plaintiff's requests here on their merits.

1. Requests seeking information regarding the "related entities"[2]

In several of its Interrogatories and RFPs to Hodge and Helping Hands, Chase seeks discovery regarding transactions Hodge and Helping Hands made with the various entities (in addition to Helping Hands) that Chase contends are controlled by Hodge. To the extent the requests sought information or documents regarding transactions between the Hodge and Helping Hands, Defendants responded (primarily with bank statements and recently with a general ledger). Defendants objected to producing information and documents regarding the related entities, contending those transactions bear no relation to the handful of Chase's live claims remaining following the District Court's ruling on Defendants' motion to dismiss. *See, e.g.*, Dkt. 92-1, at 18 (Hodge Rog 6).[3] While neither Chase's motion nor his amended motion spell out a specific need for this material, beyond conclusorily stating that it is "necessary to prosecute [his] remaining claims," Dkt. 107, at 5, at the hearing Chase's counsel explained that the information was necessary for his expert to analyze potential misdirection of funds from Defendants to these related entities.

---

[2] Hodge Interrogatories (Dkt. 92-1, at 31) 3-9, 13, 14, 18, 21, 22, 24;
Hodge Requests for Production (Dkt. 92-1, at 48) 3-4, 6-10, 14, 17, 18;
Helping Hands Interrogatories (Dkt. 107-1, at 6) 3-6, 11, 13; and
Helping Hands Requests for Production (Dkt. 107-1, at 10) 3, 5-9, 11, 13-15.

[3] "The only claims and defenses remaining in this lawsuit following this Court's June 23, 2021 order on Defendants' motion to dismiss [Dkt. 77] concern: (i) a claim by Mr. Chase against Mr. Hodge individually for breach of fiduciary duty arising out of an alleged attorney-client relationship during the formation of Helping Hands; (ii) a claim by Mr. Chase against Mr. Hodge individually for alleged breach of a contract to form a common-law partnership; (iii) certain requests for declaratory relief regarding Helping Hands Capital, LLC and its operations; and (iv) a request to appoint a receiver for Helping Hands Capital, LLC."

The Court agrees with Defendants that their production in response to these contested requests is adequate in light of the remaining claims in the case and the late stage of this litigation. The bank statements, detailed ledger,[4] and other documents produced by Defendants to date provide sufficient material for Chase's expert to build his damages model. To the extent Chase wishes to explore the role of these related entities in Defendants' alleged wrongdoing, he can accomplish this through the newly ordered deposition of Hodge (*infra* Part I.B) and with cross examination at trial. The Court, therefore, sustains Defendants' objections to these discovery requests and denies Chase's motions to compel responses to them.

2. Requests seeking "backup materials"[5]

In addition to the bank statements, ledger, and other documents Defendants have produced, Chase also seeks any backup materials—*e.g.*, emails, text messages, calendar entries, receipts, invoices—underlying every single transaction reflected in the financial records already produced. *See, e.g.*, Dkt. 107-1, at 11 (Helping Hands RFP 5). Like the request for information regarding the related entities, Chase's motion and amended motion do not bother to explain how these materials would be

---

[4] At the hearing, counsel for Chase noted that the 300+ page ledger produced by Defendants did not have a viewable comments field, which would have described the nature of each transaction. Counsel for Defendants committed on the record to promptly producing a reformatted version of the ledger with this field fully viewable.

[5] Hodge RFPs 5-7, 9, 10, 13-15, 17; Helping Hands RFPs 5, 6, 10-15. Defendants also asserted attorney-client privilege and work-product objections to Hodge RFP 13 and Helping Hands RFP 10, to the extent those requests sought the billing records underlying the materials already produced. As noted at the hearing, because the Court concludes the billing records need not be produced under the same reasoning as the other backup materials, the Court does not reach the privilege objections.

4

used.[6] But at the hearing, Chase's counsel explained that his expert needed this information to substantiate the validity of the thousands of transactions detailed in the materials already produced.

During the hearing, counsel for Defendants offered to provide further backup material for transactions that Chase identified as suspect, but Chase balked, contending it would take too much time for his expert to determine which transactions might merit further exploration, not to mention the back-and-forth in negotiating just what should be produced in connection with those transactions, and the time needed for his expert to digest the information.

The Court agrees. As with the related-entities requests, Chase's request for voluminous backup materials underlying every transaction conducted by Hodge and Helping Hands since 2013 seeks too much too late. The Court, therefore, sustains Defendants' overbroad and unduly burdensome objections to these requests and denies Chase's motions to compel responses to them.[7]

---

[6] Chase argued in his amended motion that by failing to specifically object to the requests, Defendants forfeited their objections to Hodge RFPs 6 and 7, and Helping Hands RFPs 5 and 6. As noted on the record, the Court disagreed that Defendants failed to specifically object to these requests.

[7] At the hearing, Defendants withdrew the objection to Hodge RFP 5, to the extent it seeks correspondence, and agreed to produce the responsive correspondence. Defendants also agreed to respond to Hodge RFP 7 with respect to Hodge and Helping Hands, subject to their related-entities and backup materials objections, which the Court sustained.

3. Other disputes

    a. Details for people with discoverable information and details related to Requests for Admission[8]

Defendants' counsel withdrew his objections to these requests on the record at the hearing.

    b. Personal financials and expenses[9]

The Court concludes that the reasoning regarding backup materials and related entities above applies here. At this stage, Defendants' production on these matters is sufficient and avenues to explore these transactions remain available to Chase. The Court, therefore, sustains Defendants' objections and denies Chase's motions to compel regarding these requests.

    c. Helping Hands' annual profits[10]

Defendants' counsel withdrew his objections to these requests on the record at the hearing.

    d. Tax documents[11]

Subject to their objections to related-entities and backup materials, which the Court has already sustained, Defendants' counsel withdrew his objection to producing tax forms showing payments from Helping Hands to Hodge, Mark Guedri, and Chase.

---

[8] Hodge and Helping Hands Rogs 1 and 2.
[9] Hodge Rogs 18, 21; Hodge RFPs 17, 19-20; Helping Hands Rog 14; Helping Hands RFPs 14, 16.
[10] Helping Hands Rog 12.
[11] Hodge RFP 5; Helping Hands RFP 4.

e. Trips taken by Hodge[12]

As with the personal financials, the Court concludes that the reasoning regarding backup materials and related entities above applies here. At this stage, Defendants' production on these matters is sufficient and avenues to explore these transactions remain available to Chase. The Court, therefore, sustains Defendants' objections and denies Chase's motions to compel regarding these requests.

f. Lawsuits[13]

Subject to their objections to related-entities and backup materials, which the Court has already sustained, Defendants' counsel withdrew his objection to responding to Chase's interrogatory regarding lawsuits involving Hodge and/or Helping Hands.

g. Date of the Hodges' divorce[14]

Defendants' counsel withdrew his objections to this request on the record at the hearing.

B. **Chase's Motion for an Extension of Time to Take Deposition and to File an Expert Report**

Under the current scheduling order, this case is set for trial on October 11, 2022. Dkt. 87. The deadline to complete discovery was May 27, 2022, and Chase's deadline to serve expert materials was February 11, 2022. *Id.* Citing Defendants' alleged dilatory tactics in discovery—which Chase characterizes "gamesmanship"[15]

---

[12] Hodge Rog 22; Hodge RFP 18; Helping Hands Rog 15; Helping Hands RFP 15.
[13] Hodge Rog 24; Helping Hands Rog 24.
[14] Hodge Rog 17.
[15] Dkt. 101, at 3.

7

with "very suspicious intent"[16]—Chase seeks an extension of time to take Hodge's deposition and to file an expert report. Dkt. 101. Defendants' response, which Chase contends "forsakes the truth, misleads the Court, and allows the Court to be misled,"[17] essentially argues that Chase's own delay, along with his multiple requests for new scheduling orders and deadline extensions, have led the parties to this point. Dkt. 109. In the Court's view, neither side is blameless, and going through the exercise of assigning blame is not productive.[18]

The Court agrees with Chase that a limited extension of these deadlines, along with a brief continuation of the trial date is appropriate. As noted on the record, the undersigned does not intend to extend any of the other deadlines in the Second Amended Scheduling Order, beyond those specifically addressed below. Accordingly, the Court modifies the following dates in the parties' Second Amended Scheduling Order[19]:

Discovery: The Court extends the deadline for non-expert discovery (Dkt. 87, at ¶ 5) for the limited purposes of providing time for Defendants to produce the materials they agreed to produce or were ordered to produce as discussed above, *supra* Part I.A, and to allow Chase to depose Hodge, for up to four hours. Defendants are ordered to produce the materials discussed above by September 9, 2022. Plaintiffs must depose Hodge on or before October 7, 2022.

---

[16] Dkt. 111, at 1.
[17] Dkt. 111, at 3.
[18] Nor was Chase's counsel's rhetorical choice to accuse Defendants' counsel of misleading the Court, which is a serious accusation to lob at another attorney. As the undersigned admonished counsel during the hearing, such attacks, more often than not, reflect more poorly on the accuser than the accused.
[19] A separate, supplemental scheduling order setting out these dates will follow this order.

Expert(s): The Court extends the deadline for Chase to file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (Dkt. 87, at ¶ 3) to October 28, 2022. This extension necessarily requires an extension of Defendants' deadline to serve rebuttal expert report(s) and materials. Defendants are ordered to serve rebuttal expert materials by November 18, 2022. Any expert depositions must be conducted by December 9, 2022. Finally, any *Daubert* motions (Dkt. 87, at ¶ 4) must be filed by January 6, 2023.

The parties may agree between themselves to extend the deadlines for serving expert materials and for expert depositions. The Court will not, however, extend the *Daubert* motion deadline, except on a motion for leave demonstrating exceptionally extenuating circumstances.

Trial: The trial date is set for March 6, 2023.

## II.   CONCLUSION

The Court **DENIES** Chase's original and amended motion to compel, Dkts. 92, 107. The Court **ORDERS** Hodge to produce the additional discovery his counsel agreed to produce no later than September 9, 2022.

The Court **GRANTS IN PART and DENIES IN PART** Chase's Motion for an Extension of Time to Take Deposition and to File an Expert Report, Dkt. 101. The Court will enter a separate supplemental scheduling order setting out the deadlines addressed above, *supra* Part I.B.

SIGNED September 1, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE